# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION

EAR, NOSE, AND THROAT CONSULTANTS OF  　　　　　　　　　　　　　PLAINTIFF
NORTH MISSISSIPPI, PLLC

v.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:05-cv-18-B-B

STATE AUTO INSURANCE　　　　　　　　　　　　　　　　　　　　DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Facts and Procedural History

On January 5, 2005, the plaintiff, Ear, Nose, and Throat Consultants of North Mississippi, PLLC, filed a complaint in the Circuit Court of Lafayette County, Mississippi, against State Auto Insurance, requesting that the court appoint a neutral umpire to govern a damage appraisal pursuant to the terms of the plaintiff's liability insurance policy with the defendant. This claim arose out of a coverage dispute following a flooding incident that occurred inside of the plaintiff's business office on January 18, 2003. In February 2005, the defendant removed the case to this court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. The plaintiff subsequently moved to remand on grounds that the amount in controversy did not exceed $75,000, as mandated by 28 U.S.C. § 1332.

### Analysis

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). In the present case, jurisdiction is asserted on the basis of diversity of citizenship, which requires both complete

diversity between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. The plaintiff does not dispute that complete diversity exists between the parties. The issue for resolution is, thus, whether the amount in controversy exceeds $75,000.

In the present case, the plaintiff argues that this court's role is only to appoint a neutral umpire to oversee the underlying damages dispute between the parties. Accordingly, the plaintiff asserts that no amount of controversy exists until the umpire and appraisers reach an appraisal amount. Further, citing *Pliner v. Prudential Insurance Company of America*, the plaintiff asks the court to recognize that the monetary value of an umpire appointment simply does not meet the minimum amount required for a federal court to retain jurisdiction. 1993 WL 427860 (E.D. Pa. 1993).

The defendant, asserts that the mere value of the appointment of an umpire is not the measure of amount in controversy in this jurisdiction. To the contrary, the defendant argues that the amount in controversy is met in this case because "the value of the underlying dispute is potentially worth more than the jurisdictional threshold." In this case, the value of the underlying dispute, as set forth by the plaintiff in the original complaint, is $288,478.34.

The Fifth Circuit defines amount in controversy in a declaratory or injunctive relief case, such as the case before the court, as "the value of the right to be protected or the extent of the injury to be prevented,"[1] and the United States Supreme Court has long established that in order for a federal court to determine that the amount in controversy is insufficient, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[2] Reading these two cases together, this court now must determine whether it appears to a legal certainty that the

---

[1] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

[2] *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

value of the right to be protected or extent of injury to be prevented is less than $75,000. The court relies on two Fifth Circuit cases in making its determination.

First, to answer the plaintiff's contention that, expressly or obliquely, there is no amount in controversy, the court looks to *Premier Industrial Corp. v. Texas Industrial Fastener Co.*, 450 F.2d 444 (5th Cir. 1971). Like the present case, *Premier* was an action in equity, and the court recognized that such actions "by [their] very nature, presuppose the difficulty of ascertaining actual damages." *Id.* at 446. The Fifth Circuit resolved this by stating that, "the value to the plaintiff of the rights he is seeking to protect is the measure of jurisdiction in equity cases, even though the value of that right may not be capable of exact valuation in money." *Id.*

The second case upon which the court relies is *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996). In *Webb*, the parties were seeking declaratory relief, part of which included an order compelling arbitration. *Id.* at 255. The *Webb* court deferred to a Third Circuit case, *Davenport v. Proctor & Gamble Mfg. Co.*[3], in making its ruling. *Davenport* recognized that "a demand to compel arbitration has no ascertainable money value, however, the opinion clearly states that, "in considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal judgment affirming the award."" *Webb*, 89 F.3d at 256.[4] In adopting the *Davenport* line of cases, the Fifth Circuit explicitly states that "the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceeding." *Id.*

As in the above-mentioned cases, the plaintiff here is seeking equitable relief, and the

---

[3]241 F.2d 511 (2d Cir. 1957).

[4]Citing *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d at 512-14.

value of that relief is not capable of exact valuation in money. Even so, the court finds that the amount in controversy is determinable through the logic set forth in *Premier* and *Webb*. Given the purely equitable nature of the relief sought by the plaintiff, the court looks to the underlying dispute to determine the value of the amount in controversy, and the court finds the amount to be in excess of $75,000.

## Conclusion

The court finds that the amount in controversy exceeds $75,000 and, therefore, the plaintiff's motion is denied. An order in accord with this opinion shall issue simultaneously herewith.

This, the 19th day of April, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**